UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00030-TBR

ARTHUR BASKIN                                                                                           Plaintiff,

v.

PEPSI MIDAMERICA CO.                                                                              Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon several motions in limine filed by Plaintiff Arthur Baskin, to which Defendant Pepsi MidAmerica Co. ("Pepsi") has responded. These motions were filed in anticipation of the jury trial scheduled for February 9, 2015. The Court will address each such motion in turn.

### I.    Motion to Exclude Reference to Plaintiff's Criminal Record

Baskin first asks the Court to exclude any reference to his criminal record. (Docket No. 39.) Baskin was convicted of burglary in 1994 and of criminal trespass in 1995. He argues that these convictions are not relevant, having occurred nearly two decades before his termination in 2012 and unrelated to any work environment. Moreover, he notes that his past criminal behavior played no part in Pepsi's decision to terminate him. Baskin also argues that even if these convictions were relevant, they may stir undue prejudice.

The Court agrees that Baskin's prior criminal record is irrelevant to the issues presented in this trial. To be sure, Pepsi cannot use the evidence to suggest that Baskin had a general bad character. *See* Fed. R. Evid. 404(a). Federal Rule of Evidence 609 allows prior convictions to be used to impeach a testifying witness, including a plaintiff in a civil case; however, application of the rule is limited to

felonies and certain misdemeanors that include an element of dishonesty or false statement. *See* Fed. R. Evid. 609(a)(2). Neither burglary nor criminal trespass falls into either category. Moreover, taken alone, any such evidence would be unfairly prejudicial, exerting improper external influence on the jury.

However, "[w]hen a party offers evidence of his good character, he opens the door for the opponent to admit rebuttal evidence of his prior bad acts." *Helfrich v. Lakeside Park Police Dep't*, 497 F. App'x 500, 508 (6th Cir. 2012) (citing *United States v. Savoca*, 151 F. App'x 28, 30 (2d Cir. 2005)). Should Baskin attempt to establish his good character through testimony and argument, he will thus open the door to rebuttal character evidence. Therefore, the Court will now grant Baskin's motion but notes that this decision is subject to change according to Baskin's trial strategy. Should Baskin open the door, he may be properly cross-examined regarding these prior arrests. Pepsi's counsel should approach the bench before introducing such evidence.

**II.     Motion to Exclude Reference to Plaintiff's Participation in Prior, Unrelated Lawsuit**

Baskin next seeks an order prohibiting Pepsi from referencing his participation in a prior lawsuit, *Cheryl Tyler, et al. v. McCracken County Juvenile Detention Center*, McCracken County Circuit Court, No. 11-CI-01122. He argues that the *Tyler* lawsuit has no bearing on the instant matter and should be excluded as irrelevant pursuant to Rule 401. (Docket No. 40.) Pepsi responds that the prior lawsuit reflects Baskin's credibility, state of mind, and motives, alleging that this evidence demonstrates a plan or scheme to assert race discrimination claims against employers. (Docket No. 54.)

Rule 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." However, it allows for the admission of such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* District courts in the Sixth Circuit consider three factors in determining whether to admit Rule 404(b) evidence: (1) whether sufficient evidence exists to prove that the other act in question actually occurred; (2) whether the evidence of the

2

other act is probative of a material issue other than character; and (3) if so, whether the probative value of the evidence substantially outweighs its potential prejudicial effect. *See, e.g., United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

There appears to be no doubt that the previous lawsuit occurred, thus satisfying the first step in the Rule 404(b) analysis. However, the second and third steps of the analysis present cause for concern. Pepsi would attempt to raise jurors' suspicions that Baskin has overstated or fabricated the instant claim against by suggesting that he makes a practice of suing his employers. The Court is concerned about the prejudicial effect of such a statement, particularly because *Tyler* was ultimately settled. Pepsi has not shown that it would offer the prior lawsuit for a material point other than to prove that Baskin's actions are in conformity with his character as a litigation-prone individual—precisely the type of character evidence precluded by Rule 404(b).

Moreover, the marginal probative value of this information is substantially outweighed by the risk of unfair prejudice to the plaintiff and could result in confusion of the issues. The time spent examining the facts at issue in the prior case would be easily confused with the fact-intensive allegations in the instant case and result in undue delay. Consequently, the prior lawsuit should also be excluded under Rule 403. The Court will grant Baskin's motion.

### III.     Motion to Exclude Amount of Unemployment Benefits

Baskin finally moves to exclude the amount of unemployment compensation he receives in an effort to reduce any backpay awards. (Docket No. 41.) Baskin correctly argues that unemployment benefits may not be deducted from backpay awards. "[U]nemployment compensation is paid not to discharge an obligation of the employer, but to carry out the social policies of the state. Thus, unemployment benefits are collateral benefits which the district court should disregard in making its award." *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1170-71 (6th Cir. 1996). The Court

finds this argument well-taken and will exclude from evidence the amount that Baskin received in unemployment compensation.

However, the Court cannot grant Baskin's motion entirely. The fact that Baskin received benefits may be relevant to allegations that he did not fulfill his duty to mitigate damages. Should this affirmative defense arise at trial, the Court will permit introduction of such evidence. If the parties desire, the Court will give a cautionary instruction to the jury, advising them that the evidence is to be considered only as to Pepsi's affirmative defense and that there is to be no deduction of backpay for the unemployment benefits that Baskin received.

## CONCLUSION AND ORDER

The Court having considered the parties' arguments and being otherwise sufficiently advised, IT IS HEREBY ORDERED that Baskin's Motion in Limine to Exclude Reference to Plaintiff's Criminal Record, (Docket No. 39), is GRANTED; that Baskin's Motion in Limine to Exclude Reference to Plaintiff's Participation in Prior, Unrelated Lawsuit, (Docket No. 40), is GRANTED; and that Baskin's Motion in Limine to Exclude Evidence of Amount of Unemployment Benefits, (Docket No. 41), is GRANTED IN PART and DENIED IN PART.